First case of this afternoon is case number 4-15-0913, N. Ray Isaac M, appearing for the Appellate is Attorney Julia Wykoff. Good afternoon. Ms. Kimmel, are you ready to proceed? I am. You may. May it please the court, counsel, I'm Amanda Kimmel with the Office of the State Appellate Defender here on behalf of Isaac M. A juvenile should only be placed on home confinement, which is a restrictive action and a form of non-secure custody if that restriction is ordered by a court. It is exclusively a judicial function to impose a sentence, including setting the terms and conditions of an individual's release. Court services has no authority to set the condition of home confinement on a juvenile's release. Here the trial court revoked Isaac's probation and prior to sentencing released him on GPS monitoring, but specifically stated he was not to be under the strictness of home confinement. However, court services acted beyond its authority to place Isaac on home confinement, requiring that he stay in his home unless he was at work, school, or counseling. Therefore, Isaac argues first that court services acted beyond the scope of its authority when it imposed the condition of home confinement, and second, that this court should reach the merits of this argument under the public interest exemption of the movement's doctrine. Turning first to court services and the condition of home confinement, looking at the facts of this case, the duties and powers of court services, and the statutory definition of home confinement, it's clear that Isaac was placed on home confinement, and when court services said he was placed on home confinement, that meant that Isaac's freedom of movement was restricted in a way that met the statutory definition of home confinement. First, the three relevant pieces of evidence are the trial court's oral pronouncement, the trial court's subsequent written order, and the social investigation report prepared by court services. Procedurally, the trial court had revoked Isaac's probation but was releasing him prior to sentencing, essentially giving him a test run to determine if he should be placed on probation or if he should be sentenced to Department of Juvenile Justice, committed to Department of Juvenile Justice. Therefore, Isaac was placed on GPS monitoring but not on home confinement. The trial court explicitly stated that she was putting him on home confinement to see if he could do it by himself, and because she believed it would be a good way to make the transition without the strictness of home confinement. The trial court's subsequent written order stated, just that Isaac was on GPS monitoring, there was actually a box to check on that form to put him on home confinement, and the trial court did not check that box. However, the social investigation report made numerous references to Isaac being placed on home confinement, to the home confinement orders, and set the date of home confinement beginning as the date the trial court released him on GPS monitoring. So, taking those pieces of evidence, it's clear that the trial court did not impose the condition of home confinement on Isaac's release. Court services certainly does not have the authority to impose a condition such as home confinement on a juvenile's release. Court services, like court clerks, are employees of the judicial branch, but they cannot exercise judicial authority. Therefore, court services cannot set conditions of the juvenile's release. And that's what happened here. Looking at the statutory definition of home confinement, that provides that the juvenile must stay at home, and there are only approved absences from the home, including attending an educational institution, working, and counseling. The social investigation report states that Isaac was only allowed to attend school, work, and counseling, unless under adult supervision. The social investigation report essentially chided Isaac for doing normal things like going to the park, or going to his friend's house. Both of these activities would be perfectly appropriate behavior for a teenager, but here, court services had placed him on home confinement and determined that these were inappropriate activities. And this affected Isaac's sentencing. Isaac's sentence was fashioned based in part, the trial court discussed the fact that Isaac had gone to the castle apartments, gone to the park, and his friend's houses, and those activities normally wouldn't be objectionable, but here, because court services imposed the condition of home confinement, those were viewed in a negative light by the trial court. Now, turning to my second argument, this matter falls under the public interest exception of the Moodness Doctrine. Here, the state concedes that this is a question of public importance. However, they argue that an authoritative determination is not necessary, and that the problem is not likely to reoccur. An authoritative determination is necessary, because this is a matter of first impression. This court in Enray Darius L. and Christopher P., both of those cases involved a matter of first impression, where an individual, a juvenile, was entitled to sentence credit for time spent in a drug treatment program while on probation. And although there was no other case on that, it was an issue of first impression, the trial court determined it was, an authoritative determination was necessary. And that was in part because it was clear that the public officials needed guidance, and that's exactly what we have here. Even though it was clear from the social investigation report that Isaac had been placed on home confinement, and the trial court should have been aware of their prior ruling that he should not be placed on home confinement, the trial court made no effort to correct this error. There was no discussion, no comment on it, even though it was clear from the trial court's reading the social investigation report that he'd been placed on home confinement. So that shows that these public officials need guidance, and it also shows that this problem is likely to reoccur. In those same cases, Enray Darius L. and Enray Christopher P., this court said that public officials' misunderstanding of the law indicated that a problem was likely to reoccur. Therefore, this court should find that court services acted beyond its authority when it required Isaac to submit to home confinement, and should reach the merits of this argument under the public interest exception of the Mootness Doctrine. Isaac also acknowledges the state concession regarding appropriate sections credited in this matter. All right, thank you. Thank you. Ms. Whitelaw? Thank you, Your Honor. May it please the court, counsel. Your Honors, in this case, the state has waved the white flag of surrender. The state did concede that defendant is entitled to 183 days of sentencing credit. This is the remedy that was requested by defendant in this case. Your Honors, the state stands on its brief to suggest that defendant was not placed on home confinement during this disputed time. If I may point, Your Honors, to page 22 of the state's brief, I've bullet pointed out the relevant dates and when defendant was placed in the Department of Juvenile Justice. He was at times placed on home confinement by the court when he was placed on electronic monitoring. That is all spelled out starting on page 22 of my brief. However, there is a dispute about whether or not defendant was placed on home confinement starting on July 31st. The state stands on its brief to argue that he was not placed on home confinement. There is one paragraph, essentially, from a social investigation report that uses the term home confinement. However, Your Honor, that's the only evidence that the record suggests he was placed on home confinement. Defendant is absolutely correct in her assertion that the trial court said numerous times, You are not on home confinement. You will not be placed on home confinement starting on July 31st. You're not on home confinement. The state agrees and we don't think that defendant was placed on home confinement during that time. Your Honor, for these reasons, the state believes that the issue of home confinement was raised as an avenue to get the sentencing credit requested by defendant in this case. The state concedes that defendant is entitled to all the requested sentencing credit because he was subject to electronic monitoring at the time. Your Honor, unless you have any questions, the state asks that you affirm. Thank you. Thank you. Thank you, counsel. Thank you both. The case will be taken under advisement and a written decision shall issue.